United States District Court
Southern District of Texas
**ENTERED**
January 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVARO HERNANDEZ CASTILLO, | § |
| Petitioner, | § § § |
| v. | §   CIVIL ACTION NO. 4:25-cv-6317 |
| KRISTI NOEM, *ET AL.*, | § § § |
| Respondents. | § |

### ORDER TO TRANSFER

Petitioner Alvaro Hernandez Castillo is presently in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the IAH Adult Detention Center in Livingston, Texas. Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, to challenge his continued detention. Dkt. 1. After reviewing the pleadings, the Court concludes that this action should be transferred to the United States District Court for the Eastern District of Texas, Lufkin, where the petitioner is physically confined.

To entertain jurisdiction over a § 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)). And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439-40 (2004). The Court may transfer a case filed in the wrong

district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))."). The Court may raise this issue sua sponte. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

The facility having custody of the petitioner is in Polk County, Texas, which is within the United States District Court for the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). It appears that the interests of justice would be served if this action were transferred to the district where the petitioner is physically confined.

Accordingly, the Clerk of Court is **ORDERED** to **IMMEDIATELY TRANSFER** this proceeding to the United States District Court for the Eastern District of Texas, Lufkin Division.

SIGNED at Houston, Texas, on _____ JAN 0 6 2026 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE